UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN JAHN,

    Petitioner,

v.                                                                 Case No. 11-12091

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Allan Jahn filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his St. Clair County Circuit Court guilty plea conviction for assault with intent to commit great bodily harm. Mich. Comp. Laws § 750.84. He argues that his guilty plea was unknowing and unintelligent because he was not advised by the court or by his counsel that the offense required an intent to commit great bodily harm. He asserts that if he had known of this requirement, he would have rejected the plea bargain and elected to stand trial instead, but in his guilty plea he admitted what he now claims he knew nothing about.

Respondent correctly argues that the claim lacks merit. The court will deny the petition.

**I. BACKGROUND**

The charges arose when, driving drunk, Petitioner refused to pull his vehicle over for police. Eventually, Petitioner was cornered behind a building, and a police officer got out of his patrol vehicle and stood in front of Petitioner's vehicle. Petitioner

nevertheless accelerated his vehicle straight at the officer who avoided being hit only by diving out of the way.

After his subsequent arrest, Petitioner was charged with assault with intent to commit murder and multiple lesser felony counts.  The case proceed to trial, and a jury found Petitioner guilty of all the lesser offenses.  The jury could not reach a verdict as to the assault with intent to commit murder charge, however, and the judge declared a mistrial as to that count.

Subsequently, Petitioner and the prosecution entered into a plea bargain. Petitioner agreed to plead guilty to the lesser offense of assault with intent to commit great bodily harm, and the prosecutor agreed to dismiss the charge of assault with intent to commit murder.

At the plea hearing, the parties put the terms of the plea agreement on the record.  The trial court informed Petitioner of all the trial rights he was waiving and informed him of the potential penalties he faced.  Petitioner denied that he was coerced into entering his plea.  The trial court ascertained a factual basis for the plea and then accepted it as voluntarily entered.  The trial court sentenced Petitioner as a habitual felony offender to a term of five-to-twenty years in prison.

Following sentencing, Petitioner was appointed appellate counsel who filed a motion to withdraw the guilty plea.  Petitioner argued that he was never informed at the plea hearing or by his counsel of the requirement that he intend to cause great bodily harm and would not have entered into the plea agreement had he known about that requirement.  He stated that his only intent was to escape from the police and that he did not want to hurt anyone.  The trial court denied the motion.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. The trial court did not establish a factual basis for the plea to assault with intent to commit great bodily harm. [Petitioner] never admitted harboring an intent to do any harm whatsoever. Therefore, [Petitioner] failed to state a factual basis for the plea.

In a single sentence order, the Michigan Court of Appeals denied leave to appeal for lack of merit on the grounds presented. *People v. Jahn*, 2010 Mich. App. LEXIS 2557 (Mich. Ct. App. May 14, 2010). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but the court denied leave by form order. *People v. Jahn*, 789 N.W.2d 468 (Mich. 2010) (table).

Petitioner then filed the instant habeas corpus petition, raising the following claim:

> I. The Petitioner never admitted (nor stipulated to) harboring any intent to cause any harm whatsoever and, thus, the essential element of intent was not established. Therefore the guilty plea could not have been knowingly and intelligently made.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotations omitted)).

Additionally, the court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

4

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785-86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

Petitioner alleges that he was not informed of the intent element of assault with intent to commit great bodily harm. He asserts that his lack of knowledge of the element resulted in an invalid plea.

To be valid, a guilty plea must be made voluntarily and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748-49 (1970). A "plea of guilty entered by one fully

5

aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A defendant need not necessarily be told the elements of the crime at the plea proceeding. *McGlocklin*, 8 F.3d at 1047-48 (quoting *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991)). In other words, a failure to explain the elements of a crime does not, by itself, mean that the defendant lacked knowledge of the nature or substance of the charge to which he pleaded guilty. *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984). A defendant is "presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty even when the record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature of the charge has been explained to the defendant." *Id.*

Petitioner was represented by counsel at his plea and, therefore, it is presumed he was informed of the elements of assault with intent to commit great bodily harm. Moreover, it was stated at the plea proceeding that Petitioner would be pleading guilty to assault *with intent to commit great bodily harm*. Petitioner's contention that he did not understand that the crime required proof of an intent to commit great bodily harm is

6

belied by the very name of the offense which specifically includes that requirement. An element of an offence expressed in this way is not a sophisticated matter requiring an advanced degree in legal studies to understand. Petitioner had just been tried on the more serious charge of assault with intent to commit murder. He claims that the jury hung on the element of intent to murder. Rather than face retrial, Petitioner agreed to plead guilty to the lesser offense. Petitioner cannot credibly claim that he understood the offense of assault *with intent to commit murder* had the element of intent—*i.e.,* to murder—but the similarly worded offense of assault *with intent to commit great bodily harm* did not contain an element of intent.

Moreover, the record of the plea proceedings belies his claim that he did not understand the nature of the charge or the value of his plea. Defense counsel stated at the plea hearing:

> We have discussed settlement of this case literally for months. . . . I'll indicate that he also had the benefit of talking with his mother in terms of reaching a decision as to whether or not he ought to enter into this plea here today. I have talked with both of them together. This is something where it's an on-going situation in terms of last August. I believe he fully understands the situation; that he understands the range of punishment, possibility of trial, the possibility of losing on a major felony for assault with intent to commit murder and we have reviewed guidelines should the jury come back with such a decision; that it is an enormous range of punishment on a class A grid. He understands this. As long as his decision today is based upon the facts of the case, based upon what had taken place so far that he would enter a plea of guilty to assault with intent to commit GBH in this matter, which is *intent to commit great bodily harm* less than murder.

(Plea Tr. at 4-6) (emphasis added). Petitioner agreed with this statement. (*Id.* at 6.)

This passage shows that Petitioner was well-informed of the nature of his plea bargain and that it was "based upon what had taken place . . . which is intent to commit

great bodily harm less than murder." *Id.* Petitioner fails to demonstrate that he did not understand the nature of the offense.

Finally, to the extent Petitioner continues to assert that the factual basis for his plea was insufficient, his claim is not cognizable. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993).

Accordingly, Petitioner has not demonstrated entitlement to relief, and his petition must be denied.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. The court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the court's assessment of Petitioner's claims. The court will also deny Petitioner permission to proceed on appeal *in forma pauperis* because an appeal could not be taken in good faith.

## V. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to proceed on appeal *in forma pauperis* is DENIED.

       s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2013, by electronic and/or ordinary mail.

       s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522